HUGH G. CASEY, JR., ADMINISTRATOR OF THE ESTATE OF JOHNNY RAY HUNSUCKER, PLAINTIFF v. MARY E. POPLIN, ADMINISTRATRIX OF THE ESTATE OF JONAH RICHARD BURLESON; JAMES ARCHIE REVELS; ROBERT EDWARD LEE MARTIN; LAURINBURG MILLING COMPANY; CAROLINA FLEETS, INC., AND W. R. BONSAL, CO., INC., DEFENDANTS.

(Filed 13 October, 1965.)

**Automobiles § 43—**

Evidence that the driver of the truck in which plaintiff's intestate was a passenger ran off the highway to his right, cut back across the center line and skidded sideways out of control into a tractor-trailer, traveling in the opposite direction, and that a third truck ran into the wreckage before the driver could stop it, *held* to disclose that the negligence of the driver of the vehicle in which plaintiff's intestate was riding was the sole proximate cause of the accident, and the action was properly dismissed as to the drivers and owners of the other vehicles.

APPEAL by plaintiff from *Huskins, J.,* June 14, 1965 Schedule B. Civil Session, MECKLENBURG Superior Court.

In this civil action the plaintiff administrator of Johnny Ray Hunsucker alleged and offered evidence tending to show that on July 24, 1963, his intestate was a passenger in a 1959 Chevrolet pickup truck owned and operated by Jonah Richard Burleson easterly on U. S. Highway 74 near Wadesboro. The pickup truck suddenly left its proper lane of travel, cut across the dividing line in front of and collided with a 1963 Ford tractor-trailer unit owned by Laurinburg Milling Company and driven westerly by its agent James Archie Revels. The plaintiff alleged that Burleson's negligence was a proximate cause of the collision and fatal injuries suffered by the plaintiff's intestate.

The plaintiff also alleged that Revels was negligent in that he was driving too fast and saw or should have seen the Burleson pickup out of control in his lane of traffic in time to have stopped and avoided the collision and resulting injuries. The plaintiff further alleged that a truck owned by W. R. Bonsal Company and operated by its agent, Robert Edward Lee Martin, struck the Burleson pickup after its collision with the Laurinburg vehicle and that Bonsal's driver was following

the Burleson vehicle too closely and negligently failed to stop before running into the wreckage.

The evidence disclosed that both Burleson and Johnny Ray Hunsucker were thrown from the Burleson vehicle by its collision with the Laurinburg tractor-trailer unit; that Burleson was killed and plaintiff's intestate so severely injured that he died four days later.

When the plaintiff rested, all defendants except the administrator of Burleson demurred to the evidence. The court sustained the demurrers and dismissed the actions as to them. The jury answered the issue of negligence and damages against Burleson's personal representative. The plaintiff appealed from the judgment sustaining the demurrers.

*Bradley, Gebhardt, DeLaney & Millette by Samuel M. Millette, Reginald S. Hamel for plaintiff appellant.*

*Richard L. Brown, Jr., for defendants Robert Edward Lee Martin and W. R. Bonsal Company, Inc., appellees.*

*Craighill, Rendleman & Clarkson for defendants James Archie Revels and Laurinburg Milling Company, appellees.*

PER CURIAM. The evidence, when fairly analyzed, disclosed that the Burleson pickup truck ran off the travel portion of the highway to the driver's right, cut back across the center line and skidded sidewise out of control into the Laurinburg tractor-trailer's travel lane where the two vehicles collided. Burleson was killed instantly and plaintiff's intestate received injuries from which he died four days later. The evidence disclosed that both Burleson and plaintiff's intestate were thrown from the pickup as the result of the collision with the Laurinburg tractor-trailer unit and that thereafter the Bonsal truck ran into the wreckage before Martin was able to stop.

The plaintiff's evidence, under fair analysis, fails to disclose actionable negligence on the part of any of the defendants except Burleson. Judge Huskins properly sustained the demurrers and dismissed the action against all other defendants. The judgment entered by Judge Huskins was proper under the evidence and is

Affirmed.